

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2003

# USA v. Dussan

Precedential or Non-Precedential: Non-Precedential

Docket 01-1854

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"USA v. Dussan" (2003). *2003 Decisions.* Paper 604.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/604

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-1854

_____

UNITED STATES OF AMERICA,

v.

EFRAIN DUSSAN,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 99-cr-00707)
District Judge:  Honorable William G. Bassler

_____

Submitted under Third Circuit LAR 34.1(a)
April 7, 2003

BEFORE:  BECKER, Chief Judge, BARRY, and BRIGHT[*], Circuit Judges.

(Filed: April 30, 2003)

_____

OPINION OF THE COURT

_____

_____

[*]Honorable Myron H. Bright, Senior Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

PER CURIAM.

Pursuant to a plea agreement, Efrain Dussan (Dussan) pleaded guilty to engaging in monetary transactions in criminally derived property that was of a value greater than $10,000 in violation of 18 U.S.C. § 1957. The District Court sentenced Dussan to forty-one months imprisonment. On appeal, Dussan argues that the District Court erred in not granting him a two-point reduction for being a minor participant. U.S.S.G. § 3B1.2(b). We affirm.

The government prosecuted Dussan and eleven others for money laundering between January 1999 and November 1999. Dussan agreed to assist others in laundering drug proceeds by depositing small amounts of cash into his bank account and signing blank checks on his account to provide the money to others in the conspiracy. Dussan would also use cash to purchase money orders, which he would then deposit into the bank. Dussan deposited $353,115 into his bank account in amounts of less than $10,000, to avoid reporting requirements.

Dussan's plea agreement stipulated that he knew the cash came from the proceeds of an unlawful activity involving narcotics and the conspiracy laundered between $350,000 to $600,000. The plea agreement specifically allowed Dussan to argue that the court should grant him a two-point reduction for being a minor participant. Dussan contends that allowing others access to his personal checking account constituted a minor role in the conspiracy.

2

District Courts are afforded broad discretion in determining whether a defendant qualifies for a minor participant reduction. See United States v. Isaza-Zapata, 148 F.3d 236, 238 (3d Cir. 1998). We will sustain the District Court's factual findings unless the findings are clearly erroneous. See United States v. Perez, 280 F.3d 318, 351 (3d Cir.), cert. denied, Perez v. United States, 123 S. Ct. 231 (2002).

Dussan has failed to establish that his participation, knowledge, and culpability are materially less than those of the other participants. See United States v. Brown, 250 F.3d 811, 819 (3d Cir. 2001) (indicating that even the least culpable member of a conspiracy is not a minor participant if "the extent of that member's participation" is not minor). Dussan argues his participation is less than those members who sold the drugs. The District Court acknowledged this distinction. However, the District Court explained that in the group of conspirators who permitted the use of their bank accounts, approximately eight members, Dussan's account laundered the most money. See United States v. Carr, 25 F.3d 1194, 1207-08 (3d Cir. 1994) (upholding denial of minor participant reduction where defendant's role was courier of cash in a drug conspiracy because defendant carried a large amount of cash). In this regard, Dussan's participation was more, not less, than that of other participants. Dussan also argues that he played a minor role in the conspiracy because he did not directly profit from the conspiracy. That factor remained for the District Court's consideration.

We AFFIRM the District Court.

3